### SKINNER v. ALLISON.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

COURTS—MUNICIPAL COURTS—APPEAL—RECORD.

Where the return of the clerk of the Municipal Court does not comply with the requirements of sections 317, 318, of the Municipal Court act (Laws 1902, pp. 1580, 1581, c. 580), providing for the preparation, notice, and settlement of a case containing the pleadings, proceedings, evidence, and judgment, attached together and certified by the trial justice, but merely recites that the "evidence given on the trial is as follows," without including the evidence, and that the pleadings were verified, but no written pleadings are annexed to or contained in the return or in the papers sent upon the appeal, the appeal will be dismissed.

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by Edwin M. Skinner against Giles S. Allison. From a judgment for plaintiff, defendant appeals. Dismissed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William King Hall, for appellant.
Albert E. Hadlock, for respondent.

RICH, J. Under the rule heretofore followed by this court we must decline to consider this appeal upon the merits, for the reason that the requirements of sections 317 and 318 of the Municipal Court act (Laws 1902, pp. 1580, 1581, c. 580) have not been complied with. There is presented to us an envelope containing a return of the clerk reciting, among other things:

"The evidence given on said trial is as follows: * * * Neither party offered any further evidence, and the foregoing is substantially all the evidence given on the trial of said action."

The space between these two quotations is entirely blank, and no evidence is included in or attached to the return. The return recites that the pleadings were verified. This is necessarily an assertion that they were in writing. There are no written pleadings annexed to or contained in the return, or in the envelope containing the papers in the action, and counsel for the appellant asserts that the pleadings were oral. Included among the papers, but attached to none of them, is what purports to be a copy of the stenographer's minutes of the trial. There is nothing showing a settlement of the case and exceptions as required by section 318.

It has become a common practice in the Municipal Court for attorneys, clerks, and the justices thereof to ignore to a greater or lesser extent the requirements of the statute referred to. A large number of detached papers are usually placed in an envelope and sent to this court as a record, and this practice has become so general that we must decline to consider appeals upon the merits in which the plain requirements of sections 317 and 318 are ignored. These sections contemplate a case and exceptions prepared, noticed, and settled as in the Supreme Court, containing the pleadings, proceedings, evidence, and judgment, attached together and certified by the trial justice as having been settled by him, as follows:

"The stenographer's minutes of the evidence must be furnished to the clerk, by the stenographer, within ten days after the fees therefor have been paid. * * * Immediately upon receiving the minutes from the stenographer, * * * the clerk of the court shall cause notice of that fact to be sent to the attorney for the appellant, or to the appellant, if he has not appeared by attorney. The appellant or his attorney shall then procure the case to be settled on a written notice of at least three days, * * * made returnable before the justice who tried the case, in the courthouse in the district in which said justice may then be sitting. Said justice shall thereupon, within five days, settle the case or exceptions upon it, if there be any, and indorse the return, as provided in the next preceding section. * * * The clerk of the court * * * must, within thirty days from the service of the notice of appeal and the payment of the cost and fees as prescribed in this act, make a return to the appellate court, annex thereto the notice of appeal and the undertaking, if any has been delivered to him, and cause the same to be filed with the clerk of the appellate court. The return must contain all the proceedings, including the evidence and the judgment."

If Municipal Court justices, clerks, and attorneys for the parties will persist, after repeated warnings, in ignoring the plain requirements of the statute, it must hereafter be with the knowledge that

appeals so presented will not be considered by this court upon their merits, but dismissed.

Appeal dismissed, with costs. All concur.